117 So.2d 829

**TEAMSTERS LOCAL UNION NO. 5, AFFILIATED WITH INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS,**

**v.**

**TASTY BAKING COMPANY.**

**No. 44957.**

Feb. 15, 1960.

Emile M. Weber, Weber & Weber, Baton Rouge, for petitioner.

D'Amico & Curet, Sam J. D'Amico, Baton Rouge, for respondent.

HAWTHORNE, Justice.

Teamsters Local Union No. 5, Affiliated with International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers, an unincorporated labor organization, brought suit to enjoin the Tasty Baking Company from breaching the alleged provisions of a contract dealing with the hours, wages, and other aspects of employment of plaintiff's members by the defendant, and particularly to enjoin the defendant from producing and marketing bread at a price less than 18¢ per 15-ounce loaf. Petitioner obtained a temporary restraining order with a rule to show cause why a preliminary injunction should not issue. Defendant filed a motion for dissolution and annullment of the temporary restraining order and for attorney's fees. The lower court sustained the motion to dissolve the temporary restraining order and awarded defendant $750 as attorney's fees to be taxed as costs. From this ruling plaintiff applied to this court for remedial writs. In denying the application this court stated:

"Writs denied. The showing made by relator is not sufficient to justify this court exercising its supervisory jurisdiction. Re-

lator can have the holding of the lower court dismissing the suit reviewed by appeal."

When this court made the above ruling, it was under the impression that the suit had been dismissed. Certified copies of the minutes of the lower court, which are attached to and made part of the application, state in part:

"Thereupon, for oral reasons assigned, dictated in court to be filed in the record, the Court rendered judgment and same will be signed, in favor of the defendant and against the plaintiff, sustaining the motion to dissolve the temporary restraining order heretofore issued herein and *dismissing plaintiff's suit at its cost.*" (Italics ours.)

Moreover, in the trial judge's reasons for his ruling sustaining the motion, which were dictated into the record, it was said:

"Judgment is rendered and will be signed in favor of the defendant and against the plaintiff, sustaining the motion to dissolve the temporary restraining order heretofore issued herein and *dismissing plaintiff's suit at its cost.*" (Italics ours.)

Thus, on the basis of these recitals this court stated that the ruling of the lower court could be reviewed by appeal.[1]

After this court had so ruled, plaintiff presented to the trial judge for his signature a judgment in accordance with the minutes of the court quoted above—that is,

1. See Teamsters Local Union No. 5, etc., v. Tasty Baking Co., No. 44,950 on the docket of this court, wherein writs were denied on November 30, 1959.

dissolving the temporary restraining order, awarding defendant $750 as attorney's fees, and dismissing plaintiff's suit at its costs. The trial judge refused to sign this judgment, and plaintiff again applied to this court for remedial writs seeking a review of the ruling of the lower court sustaining the motion to dissolve, etc. On consideration of this application this court ordered the trial judge to sign the formal judgment rendered in this cause dissolving the temporary restraining order and dismissing plaintiff's suit and also to grant an order of appeal to relator should application be made or show cause in this court to the contrary.[2]

Defendant's motion to dissolve in this case, which alleged numerous reasons for the dissolution of the temporary restraining order, was sustained by the trial judge on the ground that plaintiff was an unincorporated association, that its members were not named in the petition or made parties to the action, and that in these circumstances, under the provisions of Article 446 of the Civil Code of this state, plaintiff could not appear in a court of justice. Plaintiff takes the position that the courts of this state have held that unincorporated labor organizations may be sued, and that the provisions of Article 446 of the Civil Code are not intended to apply to unincorporated associations such as labor unions under the facts and circumstances alleged in its petition.

In response to the rule to show cause the trial judge informs us that the only matter before him was the question of the dissolution of the temporary restraining order, that the language used in his reasons for judgment and in the minutes had reference only to the dissolution of the temporary restraining order because the question of the dismissal of the suit in its entirety was not before him at that time and has not been presented at this time by any additional pleadings; that consequently he was without authority to sign the judgment dismissing plaintiff's suit in its entirety.

■■■■ We believe that the trial judge is technically correct, as ordinarily a ruling on a motion to dissolve is not a judgment which operates as a dismissal of the suit. Under the peculiar circumstances of this case, however, the grounds on which the judge sustained the motion to dissolve the temporary restraining order strike at the very capacity of this plaintiff to institute the suit, and it would naturally follow that further proceedings in the suit would result in a judgment of dismissal of plaintiff's suit, from which plaintiff would certainly have an appeal to the proper appellate court. Consequently it would be a vain and useless thing for us to remand the case to the lower court.

2. This application bears No. 44,957 on the docket of this court, and our order was rendered on December 14, 1959.

Accordingly the rule heretofore issued by us is made absolute, and the trial judge is ordered to sign the formal judgment in this cause sustaining the motion to dissolve the temporary restraining order, awarding defendant attorney's fees to be taxed as costs, and dismissing plaintiff's suit at its costs, and to grant to relator, should application be made therefor, an appeal to the court of appellate jurisdiction. All costs of this application for writs are to be paid by defendant, Tasty Baking Company. All other costs are to await the final determination of the suit.